IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GREG MOODY                                                                                           PLAINTIFF

V.                                          3:09CV00066-WRW

FIREMAN'S FUND INSURANCE COMPANY and                                        DEFENDANTS
CNH CAPITAL AMERICA LLC

## ORDER

Pending is Defendant CNH Capital America LLC's Motion to Dismiss (Doc. No. 48). Plaintiff has responded.[1] For the following reasons the Motion to Dismiss is DENIED.

## I.   BACKGROUND[2]

Plaintiff Greg Moody and Keith Gray[3] bought a Case IH combine and header for $79,000.00 from Don Medlin Company in Caruthersville, Missouri, on August 8, 2006. Plaintiff made a down payment of $15,000 on the farm equipment, and the rest was financed by CNH Capital America LLC ("CNH"). The Retail Installment Sale Contract and Security Agreement (the "contract") required Plaintiff to make five annual payments beginning August 8, 2007. The contract also provided for the purchase of insurance coverage on the farm equipment. Separate Defendant Fireman's Fund Insurance Company ("Fireman's Fund") underwrote the insurance policy.[4] Plaintiff, Mr. Gray, and CNH were named as the insured. The insurance premium for

---

[1]Doc. No. 52.

[2]Unless otherwise noted, information in this section comes from Plaintiff's Second Amended Complaint. Doc. No. 41.

[3]Mr. Gray is not a party in this case. He is listed as a buyer of the farm equipment along with Moody, and a named insured.

[4]The terms of the insurance policy are set out in the Dual Interest Installment Sales Policy ("insurance policy"). See Doc. No. 41, Ex. C.

1

five years' coverage, $5,545.80, was financed in the note. Coverage began on August 8, 2006, and the expiration date was August 8, 2011.

On July 31, 2007, Plaintiff spoke to a CNH representative and inquired about the amount needed to pay off the note. On August 2, 2007, Plaintiff paid off the note with CNH. Unfortunately, on August 15, 2007, the combine and header caught fire while Plaintiff was harvesting his crops. The fire resulted in a total loss of the farm equipment, and Plaintiff made a claim to Fireman's Fund for his loss. The claim was denied, because coverage ceased when Plaintiff paid off the note with CNH. Plaintiff sued Fireman's Fund for breach of contract in Craighead County Circuit Court on April 9, 2009.[5] Fireman's Fund removed the case to federal court based on a diversity of citizenship of the parties. On June 9, 2010, Plaintiff filed an amended complaint, naming CNH as a defendant, claiming breach of contract and negligence.[6]

## II.   STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[7] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[8] A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9]

---

[5]Doc. No. 2.

[6]Doc. No. 29.

[7]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[8]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[9]*Id.* (quoting Fed. R. Civ. P. 8(a)).

## III. DISCUSSION

CNH argues for a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. CNH first contends that it had no legal duty to provide Plaintiff with notice that the insurance coverage was cancelled, because it was not in fact cancelled, but expired pursuant to the terms of the contract. Next, CNH argues in the alternative that if the policy was cancelled, its failure to give notice to Plaintiff did not deprive Plaintiff of insurance coverage, because the policy with Fireman's Fund would have still been in effect at the time of the loss.

### A. Notice Required When Insurance is Cancelled

Arkansas law requires 20 days' notice to the insured before a cancellation of an insurance policy is effective.[10] CNH relies on *Stanley Wood Chevrolet-Pontiac, Inc. v. Progressive Casualty Insurance Company* for the proposition that notice of cancellation is not required when a policy expires by the terms of its contract.[11] In *Stanley Wood* an insured did not pay additional premiums needed to renew a policy that was set to expire at 12:01 p.m., three hours before the policy had been in effect for a full year.[12] The court found that when an insurance policy for less

---

[10] Ark. Code Ann. § 23-66-206(9)(B) provides:
Cancellations of property and casualty policies shall only be effective when notice of cancellation is mailed or delivered by the insurer to the named insured and to any lienholder or loss payee named in the policy at least twenty [20] days prior to the effective date of cancellation.
*Id*.

[11] 79 Ark. App. 37, 42 (2002) (citing 2 Couch on Insurance § 30:2 (3rd ed. 1995)).

[12] *Id*.

3

than one year expired by its own terms the insurer was not required to cancel the policy and provide notice.[13] The court looked to Couch on Insurance to support its finding:

> [t]he right to cancel [is] distinct from a policy's lapse, or expiration by its own terms. When by the terms of the policy all coverage, or certain coverage, terminates upon the occurrence of a specified event, the termination of coverage is not a matter of cancellation but is merely a question of the duration of the risk provided by the policy. Cancellation must be distinguished from termination of the policy under its own terms since in the latter case, notice is not generally required.[14]

Most, if not all, of the cases cited by Couch on Insurance involved lapses of coverage for non-payment of premiums, or failure to renew after an expired term.[15] A lapse in coverage is different than the termination of coverage, and some cases have said that a termination during an unexpired term is just another word for cancellation. "[W]hen the insurer acts to terminate a policy during its term, the policy has been cancelled. . . ."[16] It is interesting that in interpreting the statutory definition of "renew" the *Stanley Wood* court said, "a term longer than one year will not expire by its own terms, but instead must be cancelled by the insurer after giving notice."[17] It

---

[13]*Id*.

[14]2 Couch on Insurance § 30:2 (3rd ed. 1995).

[15]*Id*. See *Farmers Ins. Co. v. J. W. Hall*, 263 Ark. 734 (1978) (finding automobile insurance policy was not in force at time of accident when policy expired January 3, and 15-day grace period expired January 18, and payment of premiums were tendered on January 25, since policy expired by its own terms it was not cancelled by insurer and no notice was required); *Unruh v. Prudential Property and Casualty Insurance Co.*, 3 F.Supp.2d 1204 (D.Kan.1998) (finding under Kansas law that when insurer acts to terminate a policy during its term, the policy has been canceled, but when the insured fails to pay a renewal premium before the policy's expiration date, the policy has lapsed and notice is not required); *Grable v. Farmers Ins. Exchange*, 129 Mich. App. 370, 341 N.W.2d 147 (1983) (finding that statute requiring notice of cancellation does not require insurer to give notice when policy expired for failure to pay premiums); *Luedke v. Audubon Ins. Co.*, 874 So. 2d 1029 (Miss. Ct. App. 2004) (finding termination of homeowners' policy after failure to pay annual premium to renew was not a cancellation for statutory notice purposes).

[16]*Unruh*, 3 F.Supp.2d at 1206.

[17]*Stanley Woods*, 79 Ark. App. at 42.

is unclear if the court meant to extend this interpretation beyond the definition of renew. A broad interpretation would bar dismissal of Plaintiff's claims, because his policy was for longer than one year, which would mean that a cancellation was only effective after 20 days' notice.

CNH's termination of Plaintiff's policy is more like a cancellation than the lapse of a policy for a failure to pay a premium or a failure to renew a policy. The premiums were up-to-date, and the policy was not set to expire until August 8, 2011.[18] The language of the insurance policy obligates CNH to give notice to the insured of the cancellation or nonrenewal of the policy.[19] The policy states, "CNH Capital will act on behalf of the certificate holders for the giving and receiving of notice of cancellation or non-renewal and distributing of any premiums that become payable under the policy."[20] The contract did contain language about the effect of a prepayment on insurance coverage,

> "BUYER UNDERSTANDS THAT IF INSURANCE IS FINANCED UNDER THIS AGREEMENT, PRE-PAYMENT OF BUYER'S OBLIGATIONS OR TERMINATION OF THIS AGREEMENT <u>MAY</u> RESULT IN LOSS OF INSURANCE COVERAGE."[21]

However, this provision is ambiguous. It states that prepayment "may" result in loss of coverage. I agree with Plaintiff that implicit within this is that a prepayment "may not" result in loss of coverage. As a general rule, a contract is interpreted against the drafter, and I see no reason to depart from that rule in this case.[22] The ambiguous language on the effect of prepayment makes the provision inoperable. A provision in the insurance policy, notes that "[c]overage for

---

[18]Doc. No. 41. Ex. B.

[19]Doc. No. 41, Ex. C.

[20]*Id.*

[21]Doc. No. 41, Ex. A. (Emphasis added).

[22]*Taylor v. Hinkle*, 360 Ark. 121, 135 (2004).

individual certificates ends when CNH Capital's interest in the dual interest installment sales property ceases or on the expiration date of the certificate, whichever occurs first."[23] The meaning of "ends" in this provision is also ambiguous. One reasonable interpretation is that coverage is "cancelled" when CNH's interest in the property ceases. By this interpretation, state law would require notice of the cancellation to the insured before the cancellation is effective.[24]

Cancelling an insurance policy without 20 days notice is defined as an unfair trade practice under Arkansas law.[25] CNH argues that a cancellation is different than a termination of a policy, but I am not persuaded that this is correct. It seems to me that it would be unfair for an insurance policy with up-to-date premiums and an unexpired term to be terminated without notice to the insured. Such a termination is more like a cancellation that would require notice under Arkansas law. Despite its position that notice was not required, CNH did provide notice to Mr. Gray on August 16, 2007, the day after the combine caught fire.[26] This undermines the argument that CNH had no legal duty to give notice to Plaintiff. Aside from this, giving effect to Defendant's assertion that a cancellation is different from a termination would lead to a forfeiture, which is not favored under Arkansas law. "It is a general principle that forfeitures are not favored in law, and nowhere is this more applicable than in the construction of insurance contracts."[27]

---

[23]Doc. No. 41, Ex. C.

[24]Ark. Code Ann. § 23-66-206(9)(B).

[25]*Id.*

[26]Doc. No. 53.

[27]*Railway Conductors of America v. Skinner*, 190 Ark. 116 (1935) (quoting *Palatine Ins. Co. v. Ewing*, 92 F. 111 (6th Cir. 1899)).

### B.     CNH's Alternative Argument for Dismissal

CNH's next argument for dismissal is that if the policy was cancelled, its failure to give notice to Plaintiff within 20 days did not deprive Plaintiff of insurance coverage, because the policy with Fireman's Fund would have still been in effect at the time of the loss. CNH argues that the earliest date that notice of cancellation could have been mailed was August 2, 2007, the date that the equipment was paid off. Under state law coverage would have been in effect for 20 days after notice was mailed, which would mean that the earliest effective date of the policy's expiration was August 22, 2007. The harvester caught fire on August 15, 2007, and would have been covered by the Fireman's Fund policy. Plaintiff asserts that CNH was negligent in not giving notice that the insurance policy was canceled. Plaintiff contends that if he had notice he could have insured the harvester. Thus the failure to give notice as required by the contract would be the proximate cause of Plaintiff's injuries. The issue of CNH's negligence is a question of fact to be determined by a jury, not by a 12(b)(6) motion.

### CONCLUSION

For the reasons discussed above, Defendant CNH's Motion to Dismiss (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 29th day of November, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE